# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Jonathan Buncher, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-06028-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| LM General Insurance Company and | ) | |
| Hayford Adjabeng, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendant LM General Insurance Company's ("LM General") motion for judgment on the pleadings, ECF No. 15.  For the reasons set forth below, the court grants the motion.

## I.  BACKGROUND

On November 23, 2020, Hayford Adjabeng ("Adjabeng") drove down King Street in Charleston, South Carolina in his motor vehicle, shot pedestrian Jonathan Buncher ("Buncher") in the leg, and fled the scene.  ECF No. 1-1, Compl. ¶¶ 6–9.  At the time of the shooting, Adjabeng's vehicle was listed as a covered automobile under LM General's Auto Policy No. AOC-251-001943-9501.  ECF No. 15 at 1.

On August 2, 2022, Buncher filed suit against Adjabeng.  See Buncher v. Hayford Adjabeng, No. 2022-CP-10-03446 (Charleston Cnty. Ct. C.P. Aug. 2, 2022).  On September 7, 2023, the court entered a default judgment against Adjabeng for $750,000.  ECF No. 1-1 ¶¶ 13–14.  The Charleston Court of Common Pleas found Adjabeng liable for Buncher's injuries, and the parties do not dispute Adjabeng was driving a vehicle insured by the LM General Policy.  See ECF No. 15-2, ¶¶ 8, 11.

1

On September 13, 2024, Buncher filed this action in state court, seeking a declaratory judgment that "Adjabeng was insured by LM General at the time of the shooting" and that "LM General must satisfy the judgment rendered against [Adjabeng]." Compl. ¶¶ 19–21. On October 23, 2024, LM General removed this action to this court based on diversity jurisdiction. ECF No. 1. The same day, LM General filed its answer, denying any obligation to indemnify Adjabeng in relation to the shooting. ECF No. 4.

On December 2, 2024, LM General filed its motion for judgment on the pleadings. ECF No. 15. On December 16, 2024, Buncher filed his response in opposition to the motion for judgment on the pleadings. ECF No. 18. On December 20, 2024, LM General filed its reply to Buncher's response to its motion for judgment on the pleadings. ECF No. 18. As such, the motion is now fully briefed and ripe for the court's review.

## II.  STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Courts follow "a fairly restrictive standard" in ruling on 12(c) motions, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2011). A Rule 12(c) motion "does not resolve the merits of the plaintiff's claims or any disputes of fact." Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (quoting Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014)).

To resolve a Rule 12(c) motion for judgment on the pleadings, the court may consider the pleadings and exhibits attached thereto, relevant facts obtained from the public record and exhibits to the motion that are "integral to the complaint and authentic." Id. at 347. Congruent to a motion to dismiss under Rule 12(b)(6), a motion for judgment on the pleadings under Rule 12(c) requires the court to "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc., 932 F.3d 268, 274 (4th Cir. 2019); Mt. Hawley Ins. Co. v. Carriage Hill Assocs. of Charleston, LLC, 2020 WL 5583631, at *1 (D.S.C. Aug. 18, 2020). The grant of a Rule 12(c) motion is proper only when "all material issues can be resolved on the pleadings by the district court; otherwise, a summary judgment motion or a full trial is necessary." TRB Mellichamp LLC v. Concrete Supply Co., 2021 WL 3561177, at *2 (D.S.C. Aug. 11, 2021) (quoting Wright & Miller, supra, § 1368).

## III. DISCUSSION

LM General filed this motion, requesting that the court grant judgment on the pleadings in its favor because the law is clear that it has no duty to indemnify Adjabeng in relation to the default judgment against him for Buncher's injuries. ECF No. 15 at 2. It points to the South Carolina Supreme Court's decision on September 21, 2022, in Progressive Direct Ins. Co. v. Groves, 882 S.E.2d 464 (S.C. 2022) which held without qualification that "gunshot injuries do not arise out of the use of an automobile." Id.

Buncher asserts a single cause of action, seeking a declaratory judgment that Adjabeng was an insured under LM General's automobile insurance policy and that "LM General must satisfy the judgment rendered against their insured" based on the "law of

3

the case" doctrine and the assertion that any change in South Carolina's law since the time of the shooting is only "prospective in nature." See Compl. ¶¶ 19–21.

Thus, this case turns on whether Groves is a clarification or change of South Carolina insurance law, specifically whether automobile insurance policies cover gunshot injuries. In Groves, the assailant shot and killed the victim with a rifle while both were in their vehicles at a stoplight. 882 S.E.2d at 465.

Buncher argues that at the time of his injury, in 2020, South Carolina insurance law supported his argument that automobile insurance covered persons injured from gunshots from a vehicle used as an active accessory to the injury, and that it was not until Groves that the South Carolina Supreme Court expressly held that gunshot injuries do not arise out of the use an automobile. ECF No. 17 at 2–3. He argues that the Groves holding is prospective in nature and does not preclude him from recovering from LM General for his injuries. Id. In contrast, LM General argues Groves is a clarification of pre-existing law that prohibits Buncher's argument that it should be indemnified for his injuries. ECF No. 15 at 2.

LM General argues its policy does not cover a drive-by shooting and cannot apply here. Id. at 12. To refute this argument, Buncher argues that LM General improperly included exhibits outside the pleadings, that a change in law cannot be applied retroactively, that there has been a change in South Carolina insurance law, and lastly that the default judgment should control the outcome of this case. ECF No. 17 at 2–4. The court will address each of Buncher's arguments in turn.

### A. Scope of Motion

As an initial matter, Buncher argues "[a]s part of its motion, [LM General] has also included exhibits outside of the pleadings," and that under Federal Rules of Civil Procedure 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." ECF No. 17 at 2.

To resolve a Rule 12(c) motion for judgment on the pleadings, the court may consider the pleadings and exhibits attached thereto, relevant facts obtained from the public record and exhibits to the motion that are "integral to the complaint and authentic." Massey, 759 F.3d at 347; see also Rosa Alba Licon as Pers. Representative of the Est. of Clemente Licon v. S.C. Dep't of Corr., 2022 WL 17261396 (D.S.C. Nov. 28, 2022) ("[I]n addressing a Rule 12(c) motion, the Court may consider the Answer and attached exhibits in addition to the Complaint."). Here, LM General referenced exhibits that were attached to its answer. ECF No. 4. The court may consider exhibits attached to a party's answer without converting the motion into one for summary judgment. As such, the court may and will consider the exhibits attached to the answer in the following analysis on the motion for judgment on the pleadings.

### B.  Retroactive Application

Buncher contends that the Groves holding should not be applied here because it is a change in law, and a change in law cannot be applied retroactively. ECF No. 17 at 4. This contrasts with LM General's position that Groves is simply a clarification of law, and is no different than the law at the time of his injuries. ECF No. 15 at 2.

In South Carolina, "[t]he general rule regarding retroactive application of judicial decisions is that decisions creating new substantive rights have prospective effect only, whereas decisions creating new remedies to vindicate existing rights are applied retrospectively." Carolina Chloride, Inc. v. S.C. Dep't of Transp., 706 S.E.2d 501, 503 (S.C. 2011) (citation omitted). "As a common rule, judicial decisions in civil cases are presumptively retroactive." Miranda C. v. Nissan Motor Co., 741 S.E.2d 34, 39 (S.C. Ct. App. 2013).

Buncher argues that the ruling in Groves abolishes prior case law that held gunshot injuries do arise out of the use of an automobile when the vehicle is an active accessory. ECF No. 17 at 4. Buncher specifically cites to Wausau Underwriters Ins. Co. v. Howser, 422 S.E.2d 106 (S.C. 1992) and Home Ins. Co. v. Towe, 441 S.E.2d 825 (S.C. 1994). Id. Buncher also argues that his injuries should be covered by the policy because they arose out of the use of Adjabeng's motor vehicle, and at the time of his injury, two years prior to the holding in Groves, South Carolina law would have covered an injury such as his. Id. at 3–4.

In contrast, LM General argues that Groves is a civil case clarifying the pre-existing state of the law in South Carolina, and it is presumptively retroactive. ECF No. 18 at 6. LM General points to additional cases where Groves has been applied retroactively.[1] Id. at 7.

The court finds, as Groves was a judicial decision in a civil case, it is presumptively retroactive. See Miranda C, 741 S.E.2d at 39. However, the application in

---

[1] LM General cites to Pound v. Gov't Emps. Ins. Co., 2023 WL 1420024, at *3 (D.S.C. Jan. 31, 2023) and Garrison Prop. & Cas. Ins. Co. v. Jenkins, 2022 WL 18492377, at *3 (D.S.C. Jan. 11, 2022).

this case hinges on whether <u>Groves</u> was a change in law. Because, as explained in the following analysis, the court finds <u>Groves</u> to be a clarification of pre-existing law, the question of whether a change in law is applied retroactively is moot.

### C.  South Carolina Insurance Law

After reviewing the pleadings, motions, and relevant law, the court finds that the <u>Groves</u> decision is consistent with pre-existing South Carolina law, that it is simply a clarification of law, that it does apply to this matter, and that it prohibits Buncher from recovering against LM General.

Under South Carolina law, no automobile insurance policy may be issued or delivered in this state, "unless it contains a provision insuring the persons defined as insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of [a] motor vehicle[]."  S.C. Code Ann. § 38-77-140(A). The <u>Groves</u> court noted that, to determine whether an insured meets the requirements for recovery under an automobile insurance policy, courts in South Carolina apply the three-pronged <u>Aytes</u> test: "(1) the party seeking coverage must establish a causal connection between the injury and the insured vehicle, (2) there is no act of independent significance which breaks the chain of causation, and (3) the insured vehicle must have been used for transportation at the time."  <u>Id.</u> at 466 (citing <u>State Farm Fire & Casualty Co. v. Aytes</u>, 503 S.E.2d 744, 745 (S.C. 1998)).

The first prong of the <u>Aytes</u> test requires the insured to establish three subparts:

a. the vehicle was an "active accessory" to the assault; and

b. something less than proximate cause but more than mere site of the injury; and

c. that the "injury must be foreseeably identifiable with the normal use of the automobile."

7

State Farm Mut. Auto. Ins. Co. v. Bookert, 523 S.E.2d 181, 182 (S.C. 1999) (determining injuries suffered from a gunshot involving a vehicle were not foreseeably identifiable with the normal use of a vehicle thereby precluding coverage). Significantly, "[n]o distinction is made as to whether the injury resulted from a negligent, reckless, or intentional act." Towe, 441 S.E.2d at 827. The Groves court held that "it is not reasonable to conclude that the parties to an insurance contract intended gunshot injuries to be covered by an automobile insurance policy." Groves, 882 S.E.2d at 465.

As a reminder, Buncher argues that Groves is not a clarification of law but a change in South Carolina insurance law. ECF No. 17 at 4. Buncher asserts that "the law at the time of [his] incident allowed for recovery under automobile insurance policies and any change in law was prospective in nature." Compl. ¶ 21.

LM General argues that under Groves, it has no duty to indemnify Adjabeng in relation to the default judgment against him. ECF No. 15 at 2. LM General argues that the law, both in South Carolina and throughout the United States, has long recognized that "circumstances in which one intentionally shoots another from a vehicle have generally not been deemed to have arisen from the ownership, maintenance, or use of the vehicle for purposes of automobile liability insurance coverage." Id. at 12 (quoting 7 Am. Jur. 2d Automobile Ins. § 171, Westlaw (database updated May 2025)). LM General points to a body of caselaw that predates the shooting incident.[2] ECF No. 15 at

---

[2] LM General cites to State Farm Mut. Auto. Ins. Co. v. DeHaan, 900 A.2d 208, 226 (Md. 2006) ("Shooting people is likewise not the manner in which vehicles are normally used, or for which they are designed, i.e., vehicles are not normally necessary for shooting people."); Farm & City Ins. v. Est. of Davis, 629 N.W.2d 586, 589 (S.D. 2001) ("A majority of courts refuse to find that the insurer and insured contemplated that the conduct involved in a drive-by shooting would be covered under the policy."); Scales

12. It argues that the <u>Groves</u> decision is directly applicable to the determinative issue in this case and provides a clear framework for addressing Buncher's contention that his gunshot wounds arose out of the operation of an automobile. <u>Id.</u> at 6.

The court finds that the <u>Groves</u> decision clarified that, as a matter of law, "gunshot injuries do not arise out of the use of an automobile" and therefore rejects Buncher's argument his injuries arose out of the operation of an automobile. <u>See</u> <u>Groves</u>, 882 S.E.2d at 465. As such, the court finds LM General has no duty to indemnify Adjabeng in relation to the default judgment against him. <u>Id.</u> The <u>Groves</u> court stated, "for over two decades South Carolina's courts have applied <u>Aytes</u> and <u>Bookert</u> in determining that automobile insurance does not cover gunshot injuries." <u>Id.</u> at 468. The <u>Groves</u> court further noted that since <u>Aytes</u> reshaped South Carolina law, "there has been no appellate decision allowing coverage where injuries arose from a gunshot wound since <u>Towe</u> in 1994." <u>Id.</u> Another court in this district found "<u>Groves</u> does not represent a meaningful change in the law, though it represents the clearest and most concise articulation of the law in South Carolina." <u>Jenkins</u>, 2022 WL 18492377 at *3 (granting summary judgment in favor of auto insurance company and noting that insurer correctly represented <u>Groves</u> as an "explanation and clarification of the <u>Aytes/Bookert</u> test") (emphasis omitted). Further, it noted "<u>Groves</u> abrogated [<u>Howser</u>] and [<u>Towe</u>] . . . noting neither incorporated the foreseeability component subsequently adopted by the Supreme

---

<u>v. State Farm Mut. Auto. Ins. Co.</u>, 460 S.E.2d 201, 203 (N.C. App. 1995) ("Clearly, an automobile chase with guns blazing is not a regular and normal use of a vehicle."); <u>Olson v. Slattery</u>, 942 N.W.2d 263, 269 (S.D. 2020) ("Driving a vehicle and discharging a firearm at persons in another vehicle are acts of independent significance."); <u>Wright v. N. Area Taxi, Inc.</u>, 523 S.E.2d 472, 476 (S.C. App. 1999) ("[T]he assault of the gunmen broke any causal connection between the vehicle and Rogers' injury because it arose from an act of independent significance."). ECF No. 15 at 12.

Court in [Aytes] and [Bookert]."  Id. at *2 (quotations omitted).  Most strikingly, the Groves court specifically uses the word "clarify" to describe its analysis and subsequent ruling.  Groves, 882 S.E.2d at 465.  As such, the court finds South Carolina has prohibited and continues post-Groves to prohibit Buncher from recovering against LM General, and LM General's motion for judgment on the pleadings is granted.  The court now turns to Buncher's final argument.

### D.  Impact of Default Judgment

Finally, Buncher alleges that the "un-appealed order . . . that [Buncher's] injuries arose from the use of . . . Adjabeng's motor vehicle has become the law of the case."  Compl. ¶ 20.

"[T]he law of the case doctrine . . . applies only to subsequent proceedings in the same litigation following an appellate decision."  Lifschultz Fast Freight, Inc. v. Haynsworth, Marion, McKay & Guerard, 513 S.E.2d 96, 96-97 (S.C. 1999); see also E. Cherry Grove Co., v. State, 905 S.E.2d 421, 429 (S.C. Ct. App. 2024), reh'd denied (Sept. 16, 2024), cert. denied (Mar. 12, 2025).

Buncher argues that because the finding that his injuries arose out of the use of Adjabeng's motor vehicle was never appealed, it has become the law of the case.  ECF No. 17 at 4.  Buncher further argues the finding that Adjabeng's vehicle was being used for transportation and as an active accessory at the time of the incident is also the law of the case.  Id.

In response, LM General argues Buncher is misapplying the "law of the case" doctrine.  ECF No. 18 at 7.  It argues that Buncher may not use the default judgment against Adjabeng in this separate declaratory judgment action and that Adjabeng's

default in the underlying action does not operate as an admission of liability or the existence of coverage by LM General, which was not a party to that action. Id. at 7–8.

The court finds the underlying negligence action is separate from this declaratory judgment action and is not a subsequent proceeding in the same litigation. See Lifschultz 513 S.E.2d, 96-97. This case is a separate action addressing a different issue of indemnification with a different party, LM General. See generally Buncher, No. 2022-CP-10-03446 (2022). As such the "law of the case" doctrine does not apply.

In sum, the court finds Groves was a clarification of South Carolina insurance law, the Groves holding should be applied here, the shooting is not covered by LM General's automobile insurance policy, and recovery under the policy is prohibited in this case as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons the court **GRANTS** LM General's motion for judgment on the pleadings.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 31, 2025**
**Charleston, South Carolina**

11